25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gail ARROWSMITH, husband, Plaintiff-Appellant,
and
Joann ARROWSMITH, wife, Plaintiff,
v.
JOHN DEERE COMPANY and Deere & Company, Defendants-Appellees.
 No. 93-3115.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1994.
 
 ORDER AND JUDGMENT*
 Before BRORBY, SETH, and EBEL, Circuit Judges.
 
 
 1
 Appellant Gail Arrowsmith appeals an order from the United States District Court for the District of Kansas granting summary judgment for Defendants John Deere Company and Deere & Company ("John Deere") dismissing his negligence and strict liability claims. We affirm the court's order.
 
 
 2
 The district court laid out the facts in much detail in the memorandum and order, therefore, we need not restate them in their entirety. Arrowsmith was a passenger on a John Deere utility vehicle, the AMT 600, when he fell or stepped off and was injured. The AMT 600 is a five wheel cart with a dump bed and a motorcycle seat for one with wide foot platforms on either side of the seat. Arrowsmith was apparently standing on a side foot platform, facing forward, holding onto the dump bed with one hand and possibly holding a drink in his other hand. The driver was traveling approximately ten m.p.h. on a smooth road and had made no sudden turns or stops when Arrowsmith fell or stepped off of the vehicle, landed on his feet in the road, took a few steps and then fell and sustained serious injuries. Arrowsmith does not remember the details of the accident and no one has information as to the exact cause of the fall.
 
 
 3
 Arrowsmith sued John Deere for product liability under the theories of negligence and strict liability, claiming that the foot platforms were defectively designed because they allowed for passengers and that John Deere failed to adequately warn of the known danger of passengers riding on the foot platforms, even though the evidence suggests that John Deere had placed warnings on the vehicle and in the owner's manual.
 
 
 4
 The district court granted John Deere's motion for summary judgment on both negligence and strict liability, finding that no material issue of fact existed and that there was no evidence of cause-in-fact between the injury and the alleged defect. See Wilcheck v. Doonan Truck & Equipment, Inc., 552 P.2d 938, 942-43 (Kan.). Arrowsmith contends that summary judgment was improper because whether the defect was the cause of his injuries is a disputed material question of fact.
 
 
 5
 In order to successfully overcome John Deere's motion for summary judgment, Arrowsmith had to affirmatively assert facts to support the elements of his claims. If no genuine issue of material fact exists, summary judgment is appropriate. We review a district court's decision granting summary judgment de novo, applying the same standards as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.).
 
 
 6
 To establish the elements of negligence under Kansas law, Arrowsmith must establish that John Deere owed a duty to Arrowsmith; John Deere breached that duty; Arrowsmith was injured; and that a causal connection exists between the injury and the breach of duty. Honeycutt v. City of Wichita, 836 P.2d 1128, 1136 (Kan.).
 
 
 7
 The district court correctly stated that the elements of strict liability under Kansas law are: proof that the AMT 600 was in a defective condition which was unreasonably dangerous to the consumer; that John Deere was either the seller or manufacturer in the business of selling or manufacturing the AMT 600; that the AMT 600 was in an unreasonably dangerous defective condition when it left the control of John Deere; that John Deere expected the AMT 600 to reach the consumer without a substantial change in condition; and that the product defect caused or contributed to Arrowsmith's injury and damages. See Lester v. Magic Chef, Inc., 641 P.2d 353, 357-58 (Kan.).
 
 
 8
 The design defect that Arrowsmith alleges was the source of injury was the large size of the foot platforms. In granting summary judgment, the court found and we agree that the dispositive issue for both the negligence and strict liability claim was the issue of causation.
 
 
 9
 Contrary to Arrowsmith's assertions, the court accurately explained the two aspects of causation, actual and proximate cause, both of which must be met to establish the necessary link between the injury and John Deere. The court found that as to cause-in-fact Arrowsmith failed to overcome summary judgment. The court mentioned that proximate cause may have been met because Arrowsmith presented evidence that John Deere foresaw the platforms as defective and failed to redesign the defect. If cause-in-fact existed, proximate cause did as well because John Deere anticipated the danger of riders falling from the platform. See Olson v. U.S. Indus., Inc., 649 F.Supp. 1511, 1519 (D.Kan.).
 
 
 10
 However, the record demonstrates that nobody knows why Arrowsmith fell from the AMT 600. Arrowsmith failed to show that it was more probable than not that the design of the platform is what caused Arrowsmith to fall and injure himself. Burnette v. Dow Chemical Co., 849 F.2d 1269, 1274 (10th Cir.); Mays v. Ciba-Geigy Corp., 661 P.2d 348, 358-59 (Kan.). Arrowsmith argues that why he fell is irrelevant. Rather, the facts that the platform allowed for passengers and that Arrowsmith was a passenger is enough to support cause-in-fact. Furthermore, because an expert witness testified that the vehicle was defective, the exact reason for the fall is not important.
 
 
 11
 The testimony does not establish cause-in-fact in the absence of evidence linking a defect to the actual injury. Simply because the product may have been defective in some respect does not equal a finding of cause-in-fact. Appellant contends that "the defect lies in allowing the user to be there at all. Without this defect, Arrowsmith could not have been riding on the AMT and so he would not have been injured." Aplt. Reply Brief at 2. We find that the relationship between the fall and the foot platforms is only supported by speculation. As the district court stated:
 
 
 12
 "Arrowsmith's evidence is only that he fell. It goes no further. It does not establish with any probability the reason why he fell. The court finds that Arrowsmith has not demonstrated the type or nature of evidence on which a jury could properly rest a determination that the design of the foot platforms was a causal factor in his fall. While it is uncontroverted that he fell, any supposition as to why he fell is mere conjecture."
 
 
 13
 Ct. Order at 27. Apparently Arrowsmith landed on his feet after he came off of the vehicle and then fell. The record doesn't reflect whether he stepped off the vehicle and then fell or fell off and then lost his balance. Several witnesses saw the fall but could not testify as to the cause beyond the mere observation that he fell. The evidence to support causation offers no facts, but only theories.
 
 
 14
 In essence, Arrowsmith wants to create a presumption of causation because of the design of the platform. However, causation is an element of the theories of strict liability and negligence; therefore, cause-in-fact must be supported by evidence, whether circumstantial or actual, not by speculation.
 
 
 15
 "Because liability in a products liability action cannot be based on mere speculation, guess or conjecture, the circumstances shown must justify an inference of probability as distinguished from mere possibility. While a plaintiff is not normally required to prove his case at the summary judgment stage, he must present some facts to support the elements of his claim."
 
 
 16
 Mays v. Ciba-Geigy Corp., 661 P.2d 348, 360 (Kan.). Based on the record, we hold that Arrowsmith did not have any evidence to support the necessary element of cause-in-fact.
 
 
 17
 Additionally, Arrowsmith argues that absent conclusive proof that there is only one explanation for the fall, the question of causation must go to the jury under a comparative fault analysis. Even though causation is favored as a jury question, Kansas law holds that
 
 
 18
 "where the facts are such that they are susceptible to only one inference, the question is one of law and may be disposed of summarily by the court when the plaintiff has failed to establish the necessary burden of proof."
 
 
 19
 Baker v. Garden City, 731 P.2d 278, 281 (Kan.). The fault in Arrowsmith's case is that there are no facts to support causation under any theory.
 
 
 20
 The issue of cause-in-fact is dispositive of both the negligence and strict liability claims. The court did not err in granting summary judgment in favor of John Deere. The judgment of the United States District Court for the District of Kansas is
 
 
 21
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470